

**THE CITY OF NEW YORK**

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**MICHAEL PESIN-VIROVETS**
Senior Counsel
mpvirove@law.nyc.gov
Phone: (212) 356-2617
Fax: (212) 356-3509

May 3, 2022

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

      Re:    <u>Angie Velez et al. v. Artem Prusayev, et al.</u>,
            22-CV-1810 (FB) (VMS)

Your Honor:

      I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to represent defendant City of New York ("City") in the above-referenced matter. The City writes to respectfully request a stay of the present civil proceeding in its entirety pending the resolution of the Civilian Complaint Review Board ("CCRB") investigation into the underlying allegations in this case regarding plaintiffs Angie Velez, Megan Heckard, and Hillary Wright (hereinafter "plaintiffs"). This is the first such request in this matter. Plaintiffs' counsel oppose defendant's City's request. Upon plaintiffs' insistence, plaintiffs' opposition is incorporated into this letter motion in its entirety despite that the Court's individual rules do not contemplate joint submissions.

<u>Defendant's Position</u>

      By way of background, plaintiffs bring this action, pursuant to 42 U.S.C. § 1983, alleging violations of their civil rights. Specifically, plaintiffs allege, *inter alia*, that on or about January 12, 2021 they were retaliated against, in violation of their First Amendment rights, because of their participation in a protest near the Barclays Center in Brooklyn. Plaintiffs filed the complaint in this action on March 31, 2022. (ECF No. 1). The City and Police Officer Artem Prusayev ("Officer Prusayev") were served in this matter on April 14, 2022, and, assuming service was proper, the City's and Officer Prusayev's deadline to respond to the complaint is May 5, 2022. (ECF No. 10).

      In deciding whether to grant the stay, the Court should consider (1) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice

to the plaintiffs if delayed, (2) the private interests of, and burden on, the defendant, (3) the convenience of the courts, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. Twenty-First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992).

This Office is informed by CCRB that an investigation into the incident underlying this action is currently pending. There are several reasons why the pending CCRB investigation necessitates a stay of the instant action. First, until the investigation concludes, both parties will have limited access to any documents, recordings, or other information regarding the incident alleged in this case, or to any relevant materials generated by the CCRB during the investigation, because they are protected from disclosure during the investigation's pendency by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted). Consequently, should a stay be denied, and should this action therefore proceed concurrently with the CCRB investigation, all parties will suffer from an informational deficit, and this Office will be unable to effectively respond to plaintiffs' complaint, fully participate in court conferences, or adequately prepare discovery.

Second, Officer Prusayev, a named defendant in this action, is named as a subject in plaintiffs' pending CCRB investigation. The outcome of the investigation may affect the representation of Officer Prusayev. Before this Office may assume representation of an officer, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. See N.Y. Gen. Mun. Law § 50-(k); Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." See id.; see also Mercurio, 758 F.2d at 864-65; Muniz v. City of New York, No. 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation).

Because of the open CCRB investigation, this Office cannot make a determination at this time as to whether Officer Prusayev "was acting within the scope of his public employment." Moreover, best practices prevent this Office from even communicating with the officer until the resolution of the CCRB proceedings. This is because if the officer is found to have violated NYPD procedures, there would be a conflict of interest between this Office and the individual officer. Indeed, if this Office interviews the officer before the proceedings are complete, but it later becomes apparent that the officer was ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be conflicted off of the case. Such a result would cause significant and undue expenditure of resources and delay.

Finally, plaintiffs will not be prejudiced by a temporary stay in this case. As an initial matter, any potential prejudice to the plaintiffs would be diminished by the fact that CCRB is investigating the incident. That investigation will aggregate relevant documents and information;

2

streamlining discovery for all parties, including plaintiffs. Additionally, according to the CCRB online complaint status look up, the investigation appears to be nearing a close as the matter appears to be now under review of the Board. Therefore, a temporary stay of the proceedings would be in the interest of judicial economy and all parties involved.

Based on the foregoing, the undersigned respectfully requests that the Court: (1) stay the instant matter, including the time for defendants to respond to the complaint; and (2) adjourn s*ine die* all deadlines and conferences in this case pending the conclusion of the CCRB investigation into the underlying incident.  With the Court's approval, the undersigned is prepared to provide the Court with a periodic update as to the status of CCRB investigation every 30 days, until it has been concluded.

Defendant thanks the Court for its time and attention to this matter.

Plaintiffs' Opposition

Defendants informed Plaintiffs of their intent to seek a stay based on a purportedly open CCRB investigation at 1:26 p.m. today, stating they intended to file the motion before the end of the day.  While Plaintiffs oppose the stay, obviously that time does not permit a detailed response -- and Plaintiffs ask the Court, if it is seriously considering the request, to provide them an opportunity to oppose the motion on a more thoughtful schedule.  That said, the request can and should be disposed of more easily than that.

Defendants offered Plaintiffs two reasons for the request:  "1) any relevant materials generated by the CCRB during its investigation are protected from disclosure during the pendency of the investigation; and, 2) the outcome of the CCRB investigation may affect the potential representation of Officer Prusayev."  Neither withstands any scrutiny.

First, the assertion that CCRB materials cannot be disclosed is demonstrably wrong.  Courts order it all the time.  In fact, the CCRB materials at issue here -- to the extent they were not *in fact* disclosed -- should have been disclosed as Ordered by Judge Gorenstein as part of the consolidated litigation in *In re New York City Policing During Summer 2020 Protests*, 20-cv-8924 (SDNY).  And even if that were not true, various Orders in that case makes clear Defendants categorical claim is simply wrong (and it's not clear why the Law Department would make it, given how routine disclosure of CCRB materials during an investigation is).

As one judge of this Court observed, "'this Court has supervised discovery in many other Section 1983 actions which were commenced before completion of a CCRB investigation and the parties always have proceeded with discovery before issuance of a final CCRB report." *See Rivera v. City of New York*, 11-cv-4187 (NG)(MDG), 2011 U.S. Dist. LEXIS 138044, at *2-3 (EDNY Dec. 1, 2011).  It would be another thing entirely if Defendants attempted to show why a CCRB investigation was particularly likely to cause issues in this case in particular, but they make no such attempt -- and they carry the burden on a motion for a stay.  *Hicks v. City of N.Y.*, 268 F. Supp. 2d 238, 241 (EDNY 2003).  For the City to simply assert a broad array of decisions it was a party to do not exist does not work (for clarity, Plaintiffs are not suggesting that Courts *never* stay discovery when there is a CCRB investigation -- just that it makes no sense to do so *here*).

Second, the representation issue is neither here nor there -- particularly given the total lack of any information about when the CCRB might wrap up its investigation. *U.S. v. Banco Cafetero Int'l*, 107 F.R.D. 361, 366 (SDNY 1985) (denying stay where no information was submitted showing status of prosecution or how long it might last); *Clark v. Lutcher*, 77 F.R.D. 415, 418 (M.D. Pa. 1977) (denying stay where there was no indication criminal trial would occur in the foreseeable future). Indeed, there is no guarantee -- and given the obviousness of Officer Prusayev's misconduct, it is unlikely -- that representation issues will end with the CCRB investigation. If the CCRB recommends charges and specifications, then representation issues will continue as the City and its agencies continue through the later stages of handling Officer Prusayev's misconduct. Given there is no indication as to how far along the CCRB is, this process could well preclude Plaintiffs from pursuing their claims for years -- all while evidence and memories spoil. That balance of equities counsels strongly against any stay (particularly since Officer Prusayev is entitled to and may easily secure private counsel).

Respectfully submitted,

By: /s/

Michael Pesin-Virovets
*Senior Counsel*

cc: **BY ECF**
Elena Louisa Cohen
*Attorney for Plaintiffs*
Cohen Green PLLC
1639 Centre Street, Suite 216
Ridgewood, NY 11385

Remy Green
*Attorney for Plaintiffs*
Cohen Green PLLC
1639 Centre Street, Suite 216
Ridgewood, NY 11385

Gideon Orion Oliver
*Attorney for Plaintiffs*
277 Broadway, Suite 1501
New York, NY 10007