UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

ANGIE VELEZ, MEGAN HECKARD, AND HILLARY
WRIGHT,

                                            Plaintiffs,

                    -against-


ARTEM PRUSAYEV (SHIELD # 13776); and THE CITY
OF NEW YORK,

                                            Defendants.

-------------------------------------------------------------------- x

**ANSWER TO THE
COMPLAINT ON BEHALF
OF DEFENDANT CITY OF
NEW YORK**

22-CV-1810 (FBS) (VMS)

**Jury Trial Demanded**

        Defendant City of New York, by its attorney, the Honorable Sylvia O. Hinds-Radix,

Corporation Counsel of the City of New York,[1] for its Answer to the Complaint, respectfully

alleges, upon information and belief, as follows:

    1.        Denies the allegations set forth in paragraph "1" of the Complaint.

    2.        Denies the allegations set forth in paragraph "2" of the Complaint.

    3.        Denies the allegations set forth in paragraph "3" of the Complaint, except admit

that a video purportedly capturing the incident which is the basis for plaintiffs' Complaint was

circulated amongst various media outlets at or near the time of the alleged incident.

    4.        Denies the allegations set forth in paragraph "4" of the Complaint.

    5.        Denies the allegations set forth in paragraph "5" of the Complaint.

    6.        Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "6" of the Complaint, and respectfully refers the Court to the

"Pix11" interview referenced by plaintiffs for a full and accurate recitation of the quotation.

    7.        Denies the allegations set forth in paragraph "7" of the Complaint.

---

[1] The Court has stayed the time for the individual identified in the caption as "Artem Prusayev"
to respond to the complaint until June 17, 2022. See Electronic Order dated May 25, 2022.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.     Denies the allegations set forth in paragraph "9" of the Complaint.

10.     Denies the allegations set forth in paragraph "10" of the Complaint.

11.     Denies the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

12.     Denies the allegations set forth in paragraph "12" of the Complaint.

13.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.     Denies the allegations set forth in paragraph "17" of the Complaint, except admits that the City is a municipal corporation incorporated under the laws of the State of New York, that the City maintains a police department, and respectfully refers to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and NYPD.

18.     Denies the allegations set forth in paragraph "18" of the Complaint, except admits that on January 12, 2021 Artem Prusayev was employed by the New York City Police Department ("NYPD"), and that plaintiffs purport to proceed as stated therein.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20.     Denies the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff purports to invoke jurisdiction as stated therein.

21.     Denies the allegations set forth in paragraph "21" of the Complaint, except admit that plaintiffs purport to base venue as stated therein.

22.     Denies the allegations set forth in paragraph "22" of the Complaint, except admit that, upon information and belief, a document purporting to be a notice of claim was electronically submitted to the New York City Comptroller's Officer on plaintiff's behalf on April 12, 2021.

23.     Denies the allegations set forth in paragraph "23" of the Complaint, except admit that, upon information and belief, a document purporting to be a notice of claim was electronically submitted to the New York City Comptroller's Officer on plaintiff's behalf on April 12, 2021 and admit that no adjustment or payment has been made.

24.     Denies the allegations set forth in paragraph "24" of the Complaint except admits that plaintiff commenced this action on March 31, 2022.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27.     Denies the allegations set forth in paragraph "27" of the Complaint except admits that, upon information and belief, on January 12, 2021 Artem Prusayev and other members of NYPD were present outside the Barclays Center.

28.     Admits the allegations set forth in paragraph "28" of the Complaint.

3

29.     Denies the allegations set forth in paragraph "29" of the Complaint except admits that, upon information and belief, Artem Prusayev displayed patches on the outside of his uniform.

30.     Denies the allegations set forth in paragraph "30" of the Complaint, and respectfully refers the Court to the NYPD Patrol Guide for an articulation of the duties and responsibilities of police officers.

31.     Admits the allegations set forth in paragraph "31" of the Complaint.

32.     Denies the allegations set forth in paragraph "32" of the Complaint.

33.     Denies the allegations set forth in paragraph "33" of the Complaint.

34.     Denies the allegations set forth in paragraph "34" of the Complaint.

35.     Denies the allegations set forth in paragraph "35" of the Complaint, except admits that, upon information and belief, a group of protestors approached Artem Prusayev on the street outside the Barclays Center.

36.     Denies the allegations set forth in paragraph "36" of the Complaint, except admits that Prusayev unholstered his firearm.

37.     Denies the allegations set forth in paragraph "37" of the Complaint.

38.     States that the allegations set forth in paragraph "38" of the Complaint are legal conclusions to which no response is required.

39.     Denies the allegations set forth in paragraph "39" of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42.     Denies the allegations set forth in paragraph "42" of the Complaint.

43.     Denies the allegations set forth in paragraph "43" of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45.     Denies the allegations set forth in paragraph "45" of the Complaint.

46.     Denies the allegations set forth in paragraph "36" of the Complaint, except admits that Prusayev drew his baton.

47.     Denies the allegations set forth in paragraph "47" of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49.     Denies the allegations set forth in paragraph "49" of the Complaint.

50.     Denies the allegations set forth in paragraph "50" of the Complaint.

51.     Denies the allegations set forth in paragraph "51" of the Complaint.

52.     Denies the allegations set forth in paragraph "52" of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint, and respectfully refers the Court to the

"TV" interview referenced by plaintiffs, for which plaintiffs provide no citation, for a full and accurate recitation of its contents.

58.     Denies the allegations set forth in paragraph "58" of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint.

63.     Denies the allegations set forth in paragraph "63" of the Complaint.

64.     In response to the allegations set forth in paragraph "64" of the Complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

65.     Denies the allegations set forth in paragraph "65" of the Complaint.

66.     Denies the allegations set forth in paragraph "66" of the Complaint.

67.     Denies the allegations set forth in paragraph "67" of the Complaint.

68.     Denies the allegations set forth in paragraph "68" of the Complaint.

69.     Denies the allegations set forth in paragraph "69" of the Complaint.

70.     Denies the allegations set forth in paragraph "70" of the Complaint.

71.     Denies the allegations set forth in paragraph "71" of the Complaint.

72.     In response to the allegations set forth in paragraph "72" of the Complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

73.     Denies the allegations set forth in paragraph "73" of the Complaint.

74.     Denies the allegations set forth in paragraph "74" of the Complaint.

75.     Denies the allegations set forth in paragraph "75" of the Complaint, except state that to the extent paragraph "75" of the Complaint contains a legal conclusion, no response is required.

76.     Denies the allegations set forth in paragraph "76" of the Complaint.

77.     Denies the allegations set forth in paragraph "77" of the Complaint.

78.     In response to the allegations set forth in paragraph "78" of the Complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

79.     Denies the allegations set forth in paragraph "79" of the Complaint, except state that to the extent paragraph "79" of the Complaint contains a legal conclusion, no response is required.

80.     Denies the allegations set forth in paragraph "80" of the Complaint, except state that to the extent paragraph "80" of the Complaint contains a legal conclusion, no response is required.

81.     Denies the allegations set forth in paragraph "81" of the Complaint, except state that to the extent paragraph "81" of the Complaint contains a legal conclusion, no response is required.

82.     Denies the allegations set forth in paragraph "82" of the Complaint, except state that to the extent paragraph "82" of the Complaint contains a legal conclusion, no response is required.

83.     Denies the allegations set forth in paragraph "83" of the Complaint, except state that to the extent paragraph "83" of the Complaint contains a legal conclusion, no response is required.

84.     In response to the allegations set forth in paragraph "84" of the Complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

85.     Denies the allegations set forth in paragraph "85" of the Complaint, except admit that Prusayev is employed by the City of New York as a police officer.

86.     Denies the allegations set forth in paragraph "86" of the Complaint.

87.     Denies the allegations set forth in paragraph "87" of the Complaint.

88.     Denies the allegations set forth in paragraph "88" of the Complaint.

## AS FOR A FIRST AFFIRMATIVE DEFENSE:

89.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND AFFIRMATIVE DEFENSE:

90.     Defendant City of New York has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant City of New York violated any acts of Congress providing for the protection of civil rights.

### AS FOR A THIRD AFFIRMATIVE DEFENSE:

91.     At all times relevant to the acts alleged in the Complaint, Defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE:

92.     Punitive damages cannot be assessed against defendant City of New York.

### AS FOR A FIFTH AFFIRMATIVE DEFENSE:

93.     Plaintiffs provoked any incident.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE:

94.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the conduct of a third party and was not he proximate result of any act of defendant.

**WHEREFORE,** defendant City of New York requests judgement dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 3, 2022

**HON. SYLVIA O. HINDS-RADIX**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for defendant City of New York*
100 Church Street
New York, New York 10007

Respectfully submitted,

By:     /s/ _____
      Michael Pesin-Virovets
      *Senior Counsel*

cc:     **<u>By ECF</u>**
        Elena Louisa Cohen
        *Attorney for plaintiff*
        Cohen Green PLLC
        1639 Centre Street, Suite 216
        Ridgewood, NY 11385

        Remy Green
        *Attorney for plaintiff*
        Cohen Green PLLC
        1639 Centre Street, Suite 216
        Ridgewood, NY 11385

        Gideon Orion Oliver
        *Attorney for plaintiff*
        277 Broadway, Suite 1501
        New York, NY 10007