

June 8, 2022

Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

By Electronic Filing.

  **Re:** **Velez v. Prusayev, 22-CV-1810 (FB) (VMS)**

Dear Judge Scanlon:

  I am co-counsel for Plaintiffs in the above-captioned matter. I write, as directed by the Court (June 7, 2022 Minute Order), to provide Plaintiffs' position on Defendants' request for more time to figure out whether they want a stay (Dkt. No. 15). In principle, Plaintiffs have no objection to Defendants taking a little more time to figure out their position — but, as the Court likely recalls from its recent experiences with other City stay requests — if the City ultimately asks for a stay, this is likely to be the first in a series of many delays that prejudice Plaintiffs and ultimately produce no fruit, and Plaintiffs will oppose any such stay request.

  While the letter Defendants filed is light on the "details" the Court ordered (June 25, 2022 Minute Order), Defendants are clear that there is no reason to think anything other than that the current process will "take several months, if not longer." Dkt. No. 15 at 1. As Your Honor recently observed at a conference in *Valentine v. City of New York*, 21-cv-4867 (EK) (VMS), given that very little seems to come out of the stays Courts sometimes grant the City in similar contexts, their value is dubious. And, as has been observed, far from working cross-purposes, "information discovered in this action may assist in the conduct of" any related investigation or disciplinary proceeding. *See Rivera v. City of New York*, 11-cv-4187 (NG)(MDG), 2011 U.S. Dist. LEXIS 138044, at *2-3 (EDNY Dec. 1, 2011) (rejecting application to stay civil case based on parallel CCRB investigation, noting: "this Court has supervised discovery in many other Section 1983 actions which were commenced before completion of a CCRB investigation and the parties always have proceeded with discovery before issuance of a final CCRB report").

  Indeed, between Defendants' Answer and the underlying investigation and potential disciplinary proceedings, it may well be that there are serious *Dunton* issues here. *See Dunton v County of Suffolk*, 729 F.2d 903, 907 (2d Cir 1984). If Defendants spend their extra two weeks resolving those issues and making serious efforts to get Defendant Prusayev's representation issues sorted out, that seems like a good use of time. But if, as seems more likely, Defendants are just asking for two weeks to draft a stay application using facts that have been obvious since the initial motion — that is, that "given the obviousness of Officer Prusayev's misconduct, it is unlikely [] that representation issues



will end with the CCRB investigation" (Dkt. No. 13 at 4) — there seems to be little point in waiting yet another two weeks.  As Plaintiffs knew back at the start of May, given what took place here, it is inevitable that "representation issues will continue as the City and its agencies continue through the later stages of handling Officer Prusayev's misconduct."  *Id.*  And for that matter, the City's choice to deny information and belief over whether **the City itself** has disciplined or promoted Officer Prusayev seems to be a tacit acknowledgment that the *Dunton* conflict has come fully into focus here.  *See* Dkt. No. 14 ¶¶ 59-62.[1]

So, in sum, Plaintiffs are fine with the extra two weeks if it means Defendants are seriously looking at how to address (what Plaintiffs view as) the obvious representation conflicts here.  But they are concerned this is little more than another incremental delay request, and that Defendants will just make an identical stay motion to the one they already made (*see, e.g.,* Dkt. No. 13) — and provide no more information about the investigation's or disciplinary proceeding's status.  As this Court knows very well, recent similar stays have done little to move cases forward — and simply result in delays, the decay of memory, and other prejudice.  There is no purpose in giving Defendants more time to renew a motion where there is no indication there will be any more information for yet more months.

As always, I thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

---

[1] This use of denying knowledge and information is, of course, the same thing as an admission.  *Kule-Rubin v Bahari Group Ltd.*, 2012 US Dist LEXIS 29000, at *9 (SDNY Mar. 5, 2012) (noting that similar lack-of-knowledge assertions were admissions and had "the effect of entitling plaintiffs to judgment on the pleadings on certain of their claims.")



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com