THE QUINN LAW FIRM, PLLC
Attorneys for Artem Prusayev
399 Knollwood Road, Suite 220
White Plains, New York 10603
Tel: (914) 997-0555

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ANGIE VELEZ, MEGAN HECKARD,
and HILLARY WRIGHT,

                          Plaintiffs,

   -against-

ARTEM PRUSAYEV (SHIELD #13776);
and THE CITY OF NEW YORK,

                         Defendants.
-------------------------------------------------------------------- x

Docket No. 22-CV-1810
(FB) (VMS)

**ANSWER OF DEFENDANT ARTEM PRUSAYEV WITH CROSS-CLAIMS**

       Defendant Artem Prusayev, by his attorneys, The Quinn Law Firm, PLLC, as and for his Answer to the complaint of plaintiffs Angie Velez, Megan Heckard, and Hillary Wright, respectfully alleges as follows:

       1.     Denies the truth of the allegations set forth in paragraph "1" of the Complaint.

       2.     Denies the truth of the allegations set forth in paragraph "2" of the Complaint.

       3.     Denies the truth of the allegations set forth in paragraph "3" of the Complaint, except admits that some portions of the incident were captured on video.

       4.     Denies the truth of the allegations set forth in paragraph "4" of the Complaint.

       5.     Denies the truth of the allegations set forth in paragraph "5" of the Complaint.

       6.     Denies the truth of the allegations set forth in paragraph "6" of the Complaint.

       7.     Denies the truth of the allegations set forth in paragraph "7" of the Complaint.

       8.     Denies knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "8" of the Complaint.

9. Denies the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Denies the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies the truth of the allegations set forth in paragraph "12" of the Complaint, and further alleges that there are no factual allegations set forth in this paragraph.

13. Denies the truth of the allegations set forth in paragraph "13" of the Complaint, and further alleges that there are no factual allegations set forth in this paragraph.

## PARTIES, VENUE AND JURISDICTION

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Admits the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Admits the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Denies the truth of the allegations set forth in paragraph "19" of the Complaint, except admits that defendant Prusayev was at all relevant times, and is currently, a member of the New York City Police Department.

20. Admits the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Admits the truth of the allegations set forth in paragraph "21" of the Complaint, except denies knowledge or information concerning the residences of the plaintiffs.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

## RELEVANT FACTS

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint, except admits that defendant Prusayev, then a Police Officer with the New York Police Department, was on duty on the evening of January 12, 2021.

28. Denies the allegations set forth in paragraph "28" of the Complaint, except admits that defendant Prusayev, then a Police Officer with the New York Police Department, was on duty on the evening of January 12, 2021.

29. Denies the truth of the allegations set forth in paragraph "29" of the Complaint, except admits that defendant Prusayev was wearing three patches on his vest beneath his jacket.

30. Denies the truth of the allegations set forth in paragraph "30" of the Complaint, and respectfully refers to the NYPD Patrol Guide for the true contents thereof.

31. Denies the truth of the allegations set forth in paragraph "31" of the Complaint, except admits that defendant Prusayev was wearing patches on his uniform vest.

32. Denies the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Denies the truth of the allegations set forth in paragraph "33" of the Complaint, except admits that defendant Prusayev was wearing patches on his uniform vest.

34. Denies the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Denies the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Denies the truth of the allegations set forth in paragraph "36" of the Complaint, except admits that defendant Prusayev lawfully withdrew his service firearm because he reasonably felt threatened by the close proximity and angry character of a crowd that was approaching and confronting him.

37. Denies the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Denies the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Denies the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Denies the truth of the allegations set forth in paragraph "42" of the Complaint, except admits that after re-holstering his firearm defendant Prusayev lawfully withdrew a can of pepper spray because he reasonably felt threatened by the close proximity and angry character of a crowd that was approaching and confronting him.

43. Denies the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Denies the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Denies the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Denies the truth of the allegations set forth in paragraph "46" of the Complaint, except admits that defendant Prusayev lawfully withdrew his expandable police baton, because he reasonably felt threatened by the close proximity and angry character of a crowd that was approaching and confronting him.

47. Denies the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Denies the truth of the allegations set forth in paragraph "48" of the Complaint.

49. Denies the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Denies the truth of the allegations set forth in paragraph "50" of the Complaint.

51. Denies the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Denies the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Denies the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Denies the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Denies the truth of the allegations set forth in paragraph "55" of the Complaint.

56. Denies the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59. Denies the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Denies the truth of the allegations set forth in paragraph "60" of the Complaint.

61. Denies the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Denies the truth of the allegations set forth in paragraph "62" of the Complaint, except admits that defendant Prusayev was promoted to the rank of Sergeant in October 2021.

63. Denies the truth of the allegations set forth in paragraph "63" of the Complaint.

## AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION
### (Section 1983 First Amendment Retaliation Against Defendant Prusayev)

64. Repeats and realleges each of the responses in paragraphs 1 through 63 above as if fully set forth herein.

65. Denies the truth of the allegations set forth in paragraph "65" of the Complaint.

66. Denies the truth of the allegations set forth in paragraph "66" of the Complaint.

67. Denies the truth of the allegations set forth in paragraph "67" of the Complaint.

68. Denies the truth of the allegations set forth in paragraph "68" of the Complaint.

69. Denies the truth of the allegations set forth in paragraph "69" of the Complaint.

70. Denies the truth of the allegations set forth in paragraph "70" of the Complaint.

71. Denies the truth of the allegations set forth in paragraph "71" of the Complaint.

## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION
### (New York State Law – Assault Against All Defendants)

72. Repeats and realleges each of the responses in paragraphs 1 through 71 above as if fully set forth herein.

73. Denies the truth of the allegations set forth in paragraph "73" of the Complaint.

74. Denies the truth of the allegations set forth in paragraph "74" of the Complaint.

75. Denies the truth of the allegations set forth in paragraph "75" of the Complaint.

76. Denies the truth of the allegations set forth in paragraph "76" of the Complaint.

77. Denies the truth of the allegations set forth in paragraph "77" of the Complaint.

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION
### (New York Civil Rights Law §79-p Against All Defendants, by Plaintiff Heckard)

78. Repeats and realleges each of the responses in paragraphs 1 through 77 above as if fully set forth herein.

79. Denies the truth of the allegations set forth in paragraph "79" of the Complaint.

80. Denies the truth of the allegations set forth in paragraph "80" of the Complaint.

81. Denies the truth of the allegations set forth in paragraph "81" of the Complaint.

82. Denies the truth of the allegations set forth in paragraph "82" of the Complaint, and respectfully refers all questions of law to the Court.

83. Denies the truth of the allegations set forth in paragraph "83" of the Complaint.

**AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION**
**(Negligent Hiring, Training and Supervision Against the City of New York)**

84. Repeats and realleges each of the responses in paragraphs 1 through 83 above as if fully set forth herein.

85. Denies the truth of the allegations set forth in paragraph "85" of the Complaint, except admits that defendant Prusayev joined the New York City Police Department in 2014 after successfully completing the New York City Police Academy, and that he was a police officer assigned to patrol on January 12, 2021.

86. Denies the truth of the allegations set forth in paragraph 86 of the Complaint.

87. Denies the truth of the allegations set forth in paragraph 87 of the Complaint.

88. Denies the truth of the allegations set forth in paragraph 88 of the Complaint.

**AFFIRMATIVE DEFENSES**

As and for a First Affirmative Defense

89. The Complaint fails to state a claim for relief upon which relief may be granted as against defendant Prusayev.

As and for a Second Affirmative Defense

90. To the extent defendant Prusayev deployed his service revolver, pepper spray and/or a baton during the at-issue incident, it was objectively reasonable for him to do so in light

of the circumstances facing him at the time.

### As and for a Third Affirmative Defense

91.     Defendant Prusayev is entitled to qualified immunity.

### As and for a Fourth Affirmative Defense

92.     Any injuries alleged to have been sustained by plaintiffs resulted from the culpable or negligent conduct of plaintiffs, and were not the proximate result of any act of defendant Prusayev.

### As and for a Fifth Affirmative Defense

93.     Defendant Prusayev has not violated any rights, privileges or immunities of the plaintiffs under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

### As and for a Sixth Affirmative Defense

94.     Defendant Prusayev did not intentionally or otherwise interfere, or attempt to interfere, with the lawful video recording of a law enforcement activity.

### As and for a Seventh Affirmative Defense

95.     There was probable cause to believe that plaintiffs were engaging in conduct that violated provisions of the New York Penal Law.

### As and for an Eighth Affirmative Defense

96.     The liability of defendant Prusayev, if any, to any of the plaintiffs is limited to his equitable share to be determined in accordance with the relative culpability of all parties contributing to the alleged losses sustained.

## CROSS-CLAIMS AGAINST DEFENDANT THE CITY OF NEW YORK

### AS AND FOR A FIRST CROSS CLAIM

97. Defendant Prusayev repeats, reiterates and realleges paragraphs "1" through "96" herein as if fully restated at length.

98. The actions of Defendant Prusayev at the time and date in issue were performed as part of his duty, and he was properly acting within the scope of his office as a New York City Police Officer, and any liability to plaintiffs must be assumed by the City of New York pursuant to Section 50-k of the New York General Municipal Law.

### AS AND FOR A SECOND CROSS CLAIM

99. Defendant Prusayev repeats, reiterates and realleges paragraphs "1" through "98" herein as if fully restated at length.

100. Defendant Prusayev, as a result of the institution of this action is exposed to potential financial liabilities due to the fact that he secured the services of an attorney to represent him.

101. The actions of defendant Prusayev at the time and date in issue were performed within the performance of his duty, and he was acting within the scope of his office as a New York City Police Officer, and the expense of his legal defense must be assumed by the City of New York, pursuant to Section 50-k of the New York General Municipal Law.

102. By reason of the foregoing, defendant Prusayev will be damaged in an uncalculated amount and he demands the payment of all reasonable attorneys' fees and other disbursements and costs incurred in the defense of this action from the City of New York.

### AS AND FOR A THIRD CROSS CLAIM

103. Defendant Prusayev repeats, reiterates and realleges paragraphs "1" through "102" herein as if fully stated at length.

104.    If plaintiffs suffered any damages as alleged in the complaint due to the culpable conduct, if any, of defendant Prusayev, then such damages were due to the culpable conduct, negligent acts or omissions of the City of New York.

105.    The actions of defendant Prusayev at the time and date in issue were performed within the performance of his duty, and he was acting within the scope of his employment and office as a New York City Police Officer, and any resulting liability to plaintiffs must be assumed by Defendant Prusayev's employer, The City of New York, pursuant to the principle of respondeat superior.

106.    Based on the principle of respondeat superior, if plaintiffs, or any one of them, recover any judgment against defendant Prusayev, then he is entitled to recover the amount of such judgment from defendant City of New York.

## AS AND FOR A FOURTH CROSS CLAIM

107.    Defendant Prusayev repeats, reiterates and realleges paragraphs "1" through "106" herein as if fully restated at length.

108.    Pursuant to New York General Municipal Law Section 15-108(a), should plaintiffs be rewarded at trial, the Court should reduce the amount of defendant Prusayev's liability by the full amount of any pre-trial settlement between plaintiffs, or any one of them, and the City of New York, and any other settling defendant(s).

**WHEREFORE,** Defendant Artem Prusayev demands judgment:

1.    Dismissing the complaint in its entirety as against defendant Artem Prusayev, with prejudice;

2.    Requiring indemnification of any judgment against defendant Artem Prusayev by defendant City of New York;

3. Requiring the defense of defendant Artem Prusayev, including payment of all attorney's fees and disbursements, by defendant City of New York;

4. An order awarding defendant Artem Prusayev the costs, disbursements, expenses and reasonable attorney's fees incurred in defending this action; and

5. Such other, different or further relief as the Court in its discretion may deem just and proper.

Dated: White Plains, New York
July 29, 2022

Respectfully submitted,

THE QUINN LAW FIRM, PLLC
Attorneys for Artem Prusayev

Lalit K. Loomba, Esq.

399 Knollwood Road, Suite 220
White Plains, New York 10603
Tel: (914) 997 – 0555
Fax: (914) 997 – 0550
lloomba@quinnlawny.com

To: All Counsel of Record (by ECF)