

January 24, 2023

Hon. Frederic Block, Senior Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

By Electronic Filing.

  Re: <u>Velez v. Prusayev</u>, 22-CV-1810 (FB) (VMS)

Dear Judge Block:

  I am co-counsel for Plaintiffs in the above-captioned matter. I write to request a conference because of the City's total failure to fulfill its obligations under its own Rule 68 Offer — and the subsequent judgment entered in this case. *See* Dkt. No. 28. While I have spent two months trying to work this issue out with Defendants' counsel, it is clear the City will not be paying this Judgment without the Court's intervention.

  The City made a Rule 68, converted to judgment, that stated "ninety (90) days of the date of acceptance of the offer shall be a reasonable time for such payment." Dkt. No. 28 ¶ 6. That 90 days ran on November 7, 2022 (including the roll-over weekend day under Rule 6). Defendants apparently never even completed the payment paperwork in that period. Rather, the Law Department attorney working on this case has confirmed that the City did not even begin the payment process until late December (after Plaintiffs asked where their checks were on December 1, 2022).

  Plaintiffs followed up repeatedly specifically on the failure-to-pay issue, with no substantive response or explanation, including on December 1, December 12, December 21, December 27, January 11, January 21, and January 23. However, when I reached out to the Comptroller's "PayMyClaim" unit, they said the following:

> The NYC Office of Comptroller has not received closing papers for any of the claims listed below. Please contact the Examiner, the settling Attorney at the NYC Health & Hospital Corporation or the Assistant Corporation Counsel at the New York City Law Department for more information

Exhibit 1. By the terms of their own offer, Defendants are long past any "reasonable" time for payment.

  Further, as noted in the various extension requests, while apparently the Comptroller has begun its evaluation process for fees in theory, we are now five months out from Plaintiffs having



made a relatively modest demand without *any* response or offer. As it stands, then, Defendants' Rule 68 offer is entirely without consideration.[1]

We sought Defendants' position (making clear our deadline for filing was close of business today), which they ultimately provided this evening:

> Defendant City would like the Court to know that defendant has reached out to the Comptroller's Office and is currently awaiting a response. Before the Court schedules a conference, defendant respectfully requests for an opportunity to respond to plaintiff's letter with the Comptroller's answer. Defendant City thanks the Court for its consideration of this request.

However, it is not clear why the Comptroller has not responded to these repeated requests throughout January, with the clarity that Plaintiffs would be making a motion, let alone why they could not figure out an answer starting on December 1. Nor is it clear why *this* time, the Comptroller will finally provide some clarity. Moreover, the Comptroller's answer when directly asked was already clear: "The NYC Office of Comptroller has not received closing papers for any of the claims." Ex. 1. To the extent the Comptroller has a further answer, explaining what has happened in open court, as noted below, is an entirely appropriate next step.

We therefore ask the Court for an immediate conference, and to direct a representative from the City Comptroller's Office to appear, to discuss what is going on. Additionally, since the Offer seems to strategically attempt to cut off interest on the judgment, Plaintiffs seek fees for the time necessary to litigate this and bring it to the Court's attention. It is well-settled that "[i]n a civil rights action, a prevailing plaintiff is not barred from recovering attorney fees simply because they were incurred after the entry of judgment." *Legrand v. N.Y. Rest. Sch./Education Mgmt. Corp.*, 2005 U.S. Dist. LEXIS 12080, at *10 (S.D.N.Y. June 13, 2005).[2] Indeed, as New York's high court explained some time ago, if it were otherwise, "the purpose of the statute would be frustrated." *Fresh Meadows Med. Assocs. v. Liberty Mut. Ins. Co.*, 49 N.Y.2d 93, 99 (1979).[3]

As always, I thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/

---

[1] If the City fails to pay, the alternative — perhaps — is that Plaintiffs seek to vacate the Judgment. Since Defendants failed to provide *either* form of consideration in the contract they proposed (e.g., neither the payment to Plaintiffs nor the fees and costs), the contract is voidable as a matter of ordinary contract law.

[2] *See also, Restivo v. Nassau Cty.*, No. 06-CV-6720(JS)(SIL), 2019 U.S. Dist. LEXIS 1827, at *6 (E.D.N.Y. Jan. 4, 2019); *Manhattan Review LLC v. Yun*, 2019 U.S. Dist. LEXIS 110866, at *11 (S.D.N.Y. July 1, 2019) (arguments against post-judgment fees "should [] not be condoned"); *Small v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 12-CV-1236S, 2021 U.S. Dist. LEXIS 47915, at *4 (W.D.N.Y. Mar. 15, 2021); *Hines v. City of Albany*, No. 1:06-CV-1517 (GTS/RFT), 2015 U.S. Dist. LEXIS 188227, at *3 (N.D.N.Y. May 13, 2015)

[3] This request is made with a seek such compensation for such time under Plaintiffs' fee entitlement pursuant to N.Y. Civ. R. L. 79-P. *Cf., e.g., Edwin G. v. Washington*, No. 97-1177, 2001 WL 196760, at *2 (C.D. Ill. Jan. 26, 2001).

COHEN&GREEN                                                                 Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



                                                                  _____

                                                                  J. Remy Green
                                                                       *Honorific/Pronouns: Mx., they/their/them*
                                                                 **COHEN&GREEN P.L.L.C.**
                                                                  *Attorneys for Plaintiffs*
                                                                  1639 Centre St., Suite 216
                                                                   Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com