

February 2, 2023

Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

By Electronic Filing.

>   Re:   **Velez v. Prusayev, 22-CV-1810 (FB) (VMS)**

Dear Judge Scanlon:

I am co-counsel for Plaintiffs in the above-captioned matter.  I write, after consulting with Defendants counsel, with an update on the matters raised in Dkt. No. 33 and the Court's related Minute Order.  We have been communicating with some frequency since that order.

About a week ago, Defendants' counsel called me to let me know the Comptroller believed they had issued the checks approximately 2 weeks before that.  With information from the Comptroller, provided last week, we were able to find two of the three checks.

As noted, those two checks were apparently first issued and sent approximately three weeks ago (that is, well after the time to issue them and well after Plaintiffs' numerous attempts to find out where the checks were), and at some time after that, had been buried and lost in our building's unsorted mail.[1]  Defendants' counsel has talked the Comptroller over the last week or two about the missing check, and I understand they have stated that the unit responsible for re-issuing checks is "backlogged" and they cannot commit to any firm date to issue a new check such that it can be picked up.

In light of this, while the failure to issue the check within the period set by the City's offer or even promptly after we notified the City it had missed the period is concerning, for the first two checks, it seems like any further remedy may be best addressed in either settling the remaining fee entitlement or in the application for fees.  For the remaining check, we have asked — and Defendants have stated that they are unable to agree — if Defendants would agree to a consent order that the remaining check must be re-issued at some point in the next few business days.  With that as the

---

[1] We had checked, without success, the unsorted mail several times before making the application.  That included when we first asked why payment was missing back on December 1, and several times since then. At the time we filed the letter, we were operating on the presumption the Comptroller was correct when it told us "[t]he NYC Office of Comptroller has not received closing papers for any of the claims listed below," and that given that we had followed up for nearly two months, if there had been any update, Defense counsel would have shared it — and thus did not re-check for the fourth(ish) time.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



remaining issue, however, if the Court is inclined to issue an order of that nature, we do not believe a full conference is necessary.[2]  If the Court is not, since we still are missing one check and the City still cannot commit to a date certain, it appears a conference is still necessary.

　　　However, since I have a deposition scheduled for February 8, I would ask for either (1) a brief adjournment of the conference or (2) if the Court believes it will be a relatively brief conference, to convert to a phone conference (so I can schedule a break to step out).

　　　As always, I thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/
_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

---

[2] That said, we are also happy to address the matter as the Court suggested — since the issue of interest and fees remains outstanding.

